# Adam Volkavitch, Plff. in Err., *v.* Commonwealth of Pennsylvania.

A defendant charged with the crime of wilful murder cannot demand, as a matter of right, a statement in a bill of particulars, of the cause and manner of death; this is a matter resting in the sound discretion of the trial court and its refusal is not assignable for error.

It is not error for a court to submit to a jury the question whether or not a confession made by a prisoner was a voluntary one.

(Argued January 3, 1888. Decided January 23, 1888.)

NOTE.—A bill of particulars will be granted in a criminal case when the court believes injustice will be done otherwise, but there is no right to demand it. Com. v. Buccieri, 153 Pa. 535, 26 Atl. 228. So it will be refused when the defendant, with his counsel, was present at the preliminary hearing. Com. v. Eagan, 190 Pa. 10, 42 Atl. 374. But it will be granted, where necessary to protect from a second prosecution (Com. v. Rosenberg, 1 Pa. Co. Ct. 273); or to give more specific information to enable the applicant to prepare his defense (Goersen v. Com. 99 Pa. 398; Com. *ex rel.* Bergman v. Johnston, 19 Pa. Super. Ct. 241; Com. v. New Bethlehem, 15 Pa. Super. Ct. 158; Com. v. Norton, 16 Pa. Super. Ct. 423).

January Term, 1888, No. 79, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Oyer and Terminer of Luzerne County to review a sentence of death upon a verdict of guilty in an indictment for wilful murder. Affirmed.

The indictment charged Adam Volkavitch with feloniously, wilfully, and of his malice aforethought killing and slaying one John Bioski.

Counsel for the defendant demanded a bill of particulars showing the manner in which the offense charged was committed and the time, place or weapon with which it was perpetrated. This was refused by the court. Exception. [1]

The evidence showed facts from which the only reasonable conclusion was that the prisoner had wilfully, deliberately, and with premeditation committed the murder.

When the prisoner was lodged in jail he was called upon by detectives Heffernan and O'Brien and one John Kosek, an interpreter; a revolver was shown him, which Heffernan had found in the water closet on the premises of the prisoner, when the latter manifested agitation and requested the officers to bring him a priest that he might make a confession. The request was denied unless he would first make a confession to them; and they informed him that it would be better to tell all. He then made a confession to them and afterwards confessed to the priest.

The admission in evidence of these confessions at the trial constituted the second, third, and fourth assignments of error.

The admission of the testimony of Dr. Mahon as to certain admissions made by the prisoner before the coroner's jury constituted the sixth assignment of error.

The court, RICE, P. J., submitted to the jury, as a question of fact, whether the confession to John Kosek was voluntary or not. [5]

Verdict, guilty of murder in the first degree and sentence of death thereon.

Defendant took this writ, assigning for error: (1) The refusal to direct the bill of particulars to be furnished; (2, 4, 6) the admissions in evidence of the prisoner's confessions as above noted; and (5) the submission to the jury of the question whether the confession was voluntary.

*E. F. McGovern, D. A. Fell, Jr.,* and *Joseph Moore,* for plaintiff in error.—The right of the accused to demand a bill of particulars inures to him under the Bill of Rights, which declares "that he shall have a right to be informed of the nature and cause of the accusation." Purdon's Digest.

It was a right conceded to the accused by the common law, before the passage of the act of March 27, 1860, when the indictment did not sufficiently set forth the nature and cause of the accusation so as to enable him to prepare his defense. 1 Wharton, Crim. Law, 292.

How much more so is he entitled to it since the passage of the act of 1860 simplifying indictments? The act of 1860 was never intended as a snare to entrap the accused. Williams v. Com. 91 Pa. 493; Goersen v. Com. 99 Pa. 388.

The making of the order is to be only exercised in the sound discretion of the court where it is necessary to a full, fair and impartial trial. The court erred in exercising that discretion.

The clergyman had no knowledge of who was killed, and having no knowledge of the death of the deceased, there is no way in which we are enabled to conceive who was the subject of conversation between them. A confession is inoperative, unless as an answer to a particular offense charged. It implies a specification which is sufficiently exact to sustain a conviction. Wharton, Ev. 629. See also Com. v. Dejardin, 126 Mass. 46, 30 Am. Rep. 652; State v. Howard, 82 N. C. 623.

A confession to be admissible in evidence must be voluntary, and to be voluntary it must be one that is made without any inducement being held out either by reason of fear, duress or hope of temporal benefit. What was the inducement held out to the prisoner, or was he under duress? Kosek, on preliminary examination, testifies that he told the prisoner "that they know all, and it will be better for you to tell all." That was holding out to the prisoner such a hope of temporal benefit as would tend to induce him to tell an untruth; which is the true criterion as to whether a confession is voluntary or not. Wharton, Ev. 650; 1 Taylor, Ev. pt. II. 748; Com. v. Dillon, 4 Dall. 116, 1 L. ed. 765; Fife v. Com. 29 Pa. 437.

If the confession made to Kosek in his store was inadmissible as evidence, the confession made subsequently to the Polish priest is also inadmissible, as sufficient time did not intervene between the making of the confession in the store to Kosek and

to the Polish priest to remove from the prisoner's mind all influences that were conducive to the production of the first confession. 4 Dall. 116, 1 L. ed. 765; 29 Pa. 437.

The improper influences must be totally done away with, before the subsequent confession is admissible. 1 Taylor, Ev. pt. II.; Greenl. Ev. § 221; Wharton, Crim. Ev. 677.

The court is the sole and only judge of the admissibility of evidence, and it cannot avoid that responsibility by admitting the evidence and then requesting the jury to be satisfied of its admissibility before giving it any weight. Wharton, Crim. Ev. 689; Taylor, Ev.; 4 Pa. 269; 29 Pa. 429.

Before the admissions made by the prisoner can be used against him it must be conclusively shown that the committing officer instructed him that he was not required to answer any questions that would tend to criminate. Wharton, Crim. Ev. 666; Com. v. Harman, 4 Pa. 269; People v. McMahon, 15 N. Y. 384.

The commonwealth is bound to show that no advantage has been taken of the prisoner by reason of his ignorance of our language or the absence of counsel, when it relies upon an admission or a confession for conviction; and in failing to produce the interpreter who acted at the coroner's inquest it failed to perform its whole duty to the defendant.

Malice, which is one of the essentials of murder, is not a particular ill will, or spite or grudge; but it is a legal term, which comprehends every case where there is wickedness of disposition, badness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty. Com. v. Sullivan, 13 Phila. 410.

The presumption of murder rises no higher than murder in the second degree. 13 Phila. 410.

It lies upon the commonwealth to prove those facts and circumstances which indicate malice. Kelly v. Com. 1 Grant, Cas. 492.

*James L. Lenahan,* Dist. Atty., and *John T. Lenahan,* for the commonwealth, defendant in error.—Counsel for plaintiff in error admit that the granting or refusal of the court below of a bill of particulars rests in its sound discretion, and almost in the same breath contend that its action is assignable for error in the appellate court. If there is one doctrine more firmly established

than another, it is that whatever is in the discretion of the court below will not, generally, be reviewed by the court of last resort. Com. v. Winnemore, 2 Brewst. (Pa.) 378; 1 Bishop, Crim. Proc. § 643.

But was the refusal of the trial judge to order a bill of particulars a violation of the constitutional rights of the accused?

Under the common law such strictness was required in framing indictments for murder that abuses sprang up which too frequently permitted guilt to go unpunished. It was to remedy this evil that the act of March 31, 1860, § 20, was passed. Cathcart v. Com. 37 Pa. 114.

To the objection that the court erred in permitting Kosek to be recalled, we have simply to say that Mr. Kosek, having admitted that he committed a mistake when he testified that he had told the prisoner it would be better for him to tell what he knew about the killing, the rule of law is well settled that the witness might be recalled for the purpose of correcting his testimony. Wharton, Crim. Ev. § 494; Brown v. Com. 76 Pa. 338.

A failure on the part of the coroner to admonish the prisoner of his rights, under the law, would not render the confession inadmissible. 1 Greenl. Ev. § 225, note 4, and 229.

Com. v. Harman, 4 Pa. 269, cited by counsel for prisoner, is not parallel with the case at bar, for the reason that in that case the magistrate said to the prisoner: "If you do not tell the truth, I will commit you."

The statute declares: "All murder which shall be perpetrated by means of poison, or lying in wait, or by any other kind of wilful, deliberate, and premeditated killing, . . . murder of the first degree."

What are the ingredients of murder of the first degree? First, it must be wilful,—that is, there must be an intention to kill; second, it must be deliberate—that is, the intention must be accompanied by such circumstances as evince a mind fully conscious of its own purposes and design; third, it must be premeditated—that is, sufficient time must be afforded to enable the mind fully to frame the design to kill and to select the instrument, or to frame the plan to carry this design into execution. Com. v. Drum, 58 Pa. 9; Green v. Com. 83 Pa. 75.

The commonwealth contends that the evidence showing facts from which it may reasonably be concluded that the murder of John Bioski was wilful, deliberate, and premeditated, and the

jury having pronounced the degree, the appellate court will not interfere with the finding. McCue v. Com. 78 Pa. 185, 21 Am. Rep. 7; Lanahan v. Com. 84 Pa. 80.

PER CURIAM:

An examination of this case assures us that defendant has had a fair and impartial trial in the court below, and that the verdict and judgment were the legitimate results of his own crime, deliberately and wilfully committed.

Under such circumstances we hesitate to reverse for merely technical errors; but in the case in hand even such errors are wanting, or if any such there be, they have not been made apparent to us, and do not appear of record.

The judgment of the oyer and terminer is now affirmed; and it is ordered that the record be remitted to that court for the purposes of execution.